FILED
3/9/18 9:30 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| BONETA L. BORRERO | Case No. 15-10555-TPA |
| *Debtor,* | Chapter 13 |
| BONETA L. BORRERO., | Related to Claim 7 |
| *Movant,* | Related to Doc. Nos. 141, 153 |
| v. | |
| SHELLPOINT MORTGAGE SERVICING AS SERVICOR FOR MTGLQ INVESTORS, L.P., RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE. | |
| *Respondents.* | |

## MEDIATION REFERRAL ORDER

A hearing was held yesterday on the *Objection to the Notice of Mortgage Payment Change* filed by the Debtor (Doc. 141) on November 20, 2017. The Debtor had previously obtained a loan modification through the Court's Loss Mitigation Program with Chase Mortgage, as identified in the agreed upon *Order* dated February 11, 2016 (Doc. 65). On February 25, 2016 the Court entered an *Order Substituting LMP Servicer* (Doc. 68) designating Shellpoint Mortgage Servicing ("Shellpoint") as the current servicer. After being substituted as servicer, to date Shellpoint filed four separate *Notice of Mortgage Payment Changes* (Claim 7) in this case, all of which have been objected to by the Debtor and subsequently withdrawn. At no time has Shellpoint ever sought reconsideration of the February 11, 2016 *Order* approving the loan modification or the February 25, 2016 *Order* substituting it as servicer. A summary of these matters follows:

- The February 25th *Order Substituting LMP Servicer* specified that the "Current Servicer is responsible for completion of all LMP duties, responsibilities and obligations previously imposed on the Former Servicer," and is "**fully responsible** for compliance with all LMP requirements **as if originally designated**" in the *Loss Mitigation Order* in the first instance." (emphasis added).

1

- The first *Notice of Mortgage Payment Change* was filed on June 10, 2016 which was objected to by the Debtor on July 1, 2016 and denied by the Court on August 18, 2016.

- The second *Notice of Mortgage Payment Change* was filed on October 27, 2016 objected to by the debtor on November 17, 2016, withdrawn by Shellpoint on January 10, 2017, and the Court granted the withdrawal on January 11, 2017.

- The third *Notice of Mortgage Payment Change* was filed on December 8, 2016, objected to by the Debtor on December 29, 2016, withdrawn by Shellpoint on January 10, 2017, and the Court granted the withdrawal on January 11, 2017.

- The most recent *Notice of Mortgage Payment Change* was filed on October 28, 2017, objected to by the Debtor on November 20, 2017, and withdrawn by Shellpoint on January 9, 2018.

Two hearings have now been held on Shellpoint's most recent *Notice of Mortgage Payment Change* (October 28, 2017 Claim 7). Despite its withdrawal of the *Notice of Mortgage Payment Change* and the clear language found in the *Order Substituting LMP Servicer* as to its duties and responsibilities going forward, Shellpoint Mortgage Servicing maintains that it is somehow not bound by the Court's LMP procedures, the February 11, 2016 *Order* or the February 25, 2016 *Order* and refuses to honor the loan modification as it stands. Shellpoint continues to claim that since its LMP procedures differ from those of Chase Mortgage it should not be bound by the loan modification, and at the very least, require the Debtor to enter into a new loss mitigation process. Rather than finally decide the issues at this time, it appears mediation may be a more appropriate step. Therefore,

*AND NOW*, this *8th* day of *March, 2018*, for the reasons stated at the hearing and above it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

(1) Pursuant to *W.PA.LBR 9019-2, et seq,* concerning the Mediation Process in Bankruptcy Cases, the above-referenced case involving the **Notice of Mortgage Payment Change** (October 28, 2017 Claim 7), ***Objection to the Notice of Mortgage Payment Change*** (Doc. 141), and ***Response of Shellpoint Mortgage Servicing, As Servicer For MTGLQ Investors, L.P. In Opposition to Debtor's Objection to Payment Change of MTGLQ Investors, L.P. at Claim #7*** (Doc. 153), are hereby referred to Mediation.

(2) The Parties to the within matter are Movant Boneta L. Borrero and Respondent Shellpoint Mortgage Servicing as servicer for MTGLQ Investors, L.P.

(3) ***Norman E. Gilkey, Esq.,*** ("Mediator"), currently qualified and serving in this Court as a "Certified Court Mediator" pursuant to *W.PA. LBR 9019-3*, is hereby appointed Mediator of the within matter pursuant to *W.PA. LBR 9019-2(a)* since the Court, having previously reviewed his qualifications to act as Mediator in this matter has found no conflict of interest to exist and since he is otherwise generally acceptable to all Parties.

(4) By agreeing to participate in the Mediation, the Parties shall not be deemed to have waived or to be estopped from raising any arguments or positions in any further litigation before this Court in the event the Mediation fails to completely resolve the dispute of the Parties.

(5) **On or before March 30, 2018,** the Parties shall enter into written fee/expense agreement with the Mediator, which the Mediator shall submit to this Court for approval. The Mediator is being supplied with an audio recording of the March 7, 2018 hearing by the Court.

(6) The Mediator's compensation shall be consistent with the requirements of *W.PA. LBR 9019-3(n)* and is to be shared equally by the Parties, **provided however**, to the extent an accommodation can be otherwise reached as to the source of compensation for the Mediator, the Court will entertain a proposed Consent Order in this regard so long as payment of the Mediator's compensation and expense is guaranteed.

(7) The Mediator's final compensation shall be approved by the Court upon the filing of a short motion including time, itemization of costs and billing detail, accompanied by a statement concerning the status of payment to the Mediator coupled with the Parties' consent (if available) and proposed Order with copies to the Parties, *provided however*, if the gross fees and costs incurred by the Mediator total $4,000 or less, no such motion is required and any Mediator fees up to that amount are **APPROVED**. Any objections to the Mediator compensation are to be filed within 7 days of the filing of the Mediator's Motion. If the Mediation extends beyond one day, Motions for Interim Compensation, subject to the aforesaid procedure, may be filed in the aggregate, or, separately at the conclusion of each Mediation day, at the sole discretion of the Mediator.

(8) Unless the Mediator directs otherwise, **on or before March 30, 2018**, the Parties shall submit written confidential "Position Summary" of their respective positions to the Mediator, with service on opposing Counsel/Party required. Summaries shall not exceed 10 pages in length (excluding exhibits).

(9) Unless the Mediator directs otherwise, **on or before March 30, 2018** the Parties are encouraged to *jointly* submit any exhibits that may be necessary for the conference, but upon failure to do so, shall submit their respective exhibits.

(10)    *On or before April 15, 2018*, the Mediator shall convene the formal Mediation of this matter at the office of the Mediator, or at such other earlier and convenient time and appropriate place as all Parties to the Mediation, including the Mediator, may otherwise consent. The mediation may extend to additional days as the Mediator deems necessary.

(11)    All Counsel of Record for the Parties involved in the dispute being referred to Mediation, together with their respective clients, or representatives of the clients, said clients/representatives possessing *FULL AND COMPLETE PERSONAL AUTHORITY TO RESOLVE THE MATTER*, shall attend the Mediation to be scheduled by the Mediator, *in person* in Erie, Pennsylvania, without excuse. All of the individuals required to attend the Mediation shall remain present during the Mediation and participate in the Mediation in good faith until the Mediator officially concludes the session, unless excused earlier by the Court, or by the Mediator, if due to sudden medical or other emergency on the eve or day of the Mediation. "Attendance" as used herein requires personal appearance at all times during the Mediation and does not include by phone, video conference or other media.

(12)    The Parties are directed to cooperate fully with the Mediator in fulfilling the Mediator's obligations under this appointment in among other things, meeting with him personally or by phone to discuss and/or provide any background information the Mediator feels necessary to effectively perform the Mediator's duties *prior* to the time of the Mediation.

(13)    Except as to the matters referred to in Paragraphs 11 and 12, above, any and all matters, including those incidental and related thereto, arising at any time out of the above referenced Mediation process shall remain confidential and not subject to any disclosure by any of the Parties or the Mediator at any time, including but not limited to any pending or anticipated

discovery, any future court appearances, hearings or any other proceedings involving the subject or related litigation. So long as operating in good faith, any Party may at any time during said Mediation conference notify the Mediator (and the opposing Party) of its desire to conclude the Mediation process without further hearing, following which time the identity of said Party shall remain confidential and undisclosed by the Mediator and the opposing Parties to the Court. The Court will simply be notified that good faith attempts at Mediation were unsuccessful and decision on the Proceeding and any related matters should proceed before the Court in the normal course.

(14) In the event resolution of all or part of the outstanding issues occurs, *within seven (7) days of the conclusion of the Mediation, the Parties shall file a joint settlement motion* along with the appropriate order which the Court shall immediately review and enter unless a need for hearing is apparent from the motion.

(15) Any failure of the individuals referred to in Paragraphs 11 and 12, above, to comply with the requirements set forth in those Paragraphs will be deemed, as a *per se* matter, to have not acted in good faith and thereby subject themselves to the imposition of sanctions after notice and hearing, which sanctions may include reprimand, monetary fine, including payment of all costs of the Mediation, and/or loss of an opportunity to present evidence at the time of trial on the matter.

(16) *In the event the Mediation concludes without a final resolution, on or before 7 days after the conclusion of the Mediation* as officially announced by the Mediator, each Party shall file with the Court a *Certification* declaring that they have fully complied with the requirement to cooperate and act in good faith with full authority to settle the matter as well as the attendance requirement, all of which is referred to in Paragraphs 10 and 11, above, setting forth

the identity and title of those who attended the Mediation. The requirements of this Paragraph are not exclusive and without prejudice to the right of any Party to allege any claim of lack of good faith against another Party and seek appropriate sanctions and/or damages.

(17) In the event the Mediator determines that the Parties are unable to resolve this matter after thoughtful and cooperative, good faith efforts by all Parties at doing so, the Mediator will immediately notify the Undersigned of such development and the matter will be referred back to the Court's docket for setting a deadline for Trial Briefs and scheduling of trial as expeditiously as possible under the circumstance. Unless extended by the Court upon appropriate motion agreed to by all Parties, the Mediation shall conclude by *no later April 22, 2018.*

(18) Except as otherwise set forth above, the "Mediation process" set forth and identified in the *W.PA. LBR 9019-4* shall control all matters related to the foregoing Mediation.

(19) All pending proceedings related to the subject matter of the within Mediation are *STAYED* pending further Order of Court.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
  Daniel P. Foster, Esq.
  William E. Miller, Esq.
  Norman "Norm" Gilkey, Esq.
  Ronda Winnecour, Chapter 13 Trustee
  Debtor

7

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 15-10555-TPA
Boneta L. Borrero                                                         Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-1           User: gamr              Page 1 of 1              Date Rcvd: Mar 09, 2018
                               Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 11, 2018.
db             #+Boneta L. Borrero,    PO Box 334,    North East, PA 16428-0334

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 11, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 9, 2018 at the address(es) listed below:
      Andrew F Gornall    on behalf of Creditor    JPMorgan Chase Bank, National Association agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
      Cynthia Morrow    on behalf of Creditor    MTGLQ INVESTORS, L.P.c/o Shellpoint Mortgage Serving cynthia.morrow@shellpointmtg.com
      Daniel P. Foster    on behalf of Debtor Boneta L. Borrero dan@mrdebtbuster.com, clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
      Daniel P. Foster    on behalf of Plaintiff Boneta L Borrero dan@mrdebtbuster.com, clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
      James Warmbrodt    on behalf of Creditor    JPMorgan Chase Bank, National Association bkgroup@kmllawgroup.com
      Kurt D. Gustafson    on behalf of Defendant    Chautauqua County Real Property Tax gustafsk@co.chautauqua.ny.us
      Michael J. Graml    on behalf of Creditor Carl  Borrero mattorney@neo.rr.com, mjgraml@verizon.net
      Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
      Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
      William E. Miller    on behalf of Creditor    MTGLQ INVESTORS, L.P.c/o Shellpoint Mortgage Serving wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
      William E. Miller    on behalf of Creditor    MTGLQ Investors LP wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
                                                    TOTAL: 11